MAYER'S HEIRS
*vs.*
NERAUT'S
ADM'R.

## MAYER'S HEIRS *vs.* NERAUT'S ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF IBERVILLE.

If a purchaser suffer suit and eviction, without calling the original parties, from whom he derived his title, in warranty to defend, he cannot avail himself of the eviction to withhold payment of the original price; especially if it appears his vendor had the means of defending his title and possession, or that the party evicting him had been enabled, by the defendant's *laches*, to perfect his title.

So, if a purchaser fails to avail himself of all the rights acquired by his purchase from his vendor, or those from whom he derives his title, it is his own fault, and imputable to his own *laches*.

This is an action instituted in the Court of Probates by the heirs of Charles Mayer, deceased, to recover the sum of two thousand five hundred dollars from the succession of François Neraut, deceased, being for the price of a tract of land, originally purchased from the ancestor of the plaintiffs.

The administrator of Neraut's succession, resisted payment on the ground of eviction by another purchaser. The material facts upon which the case turns, are stated in the opinion of this court, which follows.

*Labauve,* for the defendant and appellant, contended, that the sale of the land in question, at the probate sale of Mayer's succession, was null. It was the property of another, viz: the government of the United States, and the sale of the property of another, is null. *Civil Code of* 1808, *page* 348, *article* 20. *Louisiana Code,* 2427.

2. The obligation of Neraut grew out of this sale, he having bound himself as the surety of Blake, who purchased. The principal obligation is, therefore, null, and its accessories must fall with it. The title to the land was never in Mayer, but in the government, from whom Orillion obtained it, and his vendee evicted the defendant.

3. Neraut purchased the land at the sale of the syndics of Blake, and withheld the price, to protect himself against the payment, under the arrangement, to Mayer's heirs, resulting from the probate sale.

EASTERN DIST.
*February*, 1838.

MAYER'S HEIRS
*vs.*
NERAUT'S
ADM'R.

4. Mayer's heirs sold the land as the *bonâ fide* property of their ancestor, having a good title. The evidence shows he had no title ; and none was acquired by the probate sale, or the sale by Blake's syndics, at which the defendant purchased.

5. The heirs of Mayer have acted in bad faith throughout. The sales being of property without title, it follows, that the obligation sued on, is without consideration, and void. The judgment should be reversed, and one entered for the defendant.

*Bullard, J.,* delivered the opinion of the court.

The facts which preceded and caused the present contro-versy, are as follow :

In 1819, André Langlois sold to Mayer, the ancestor of the plaintiffs, a tract of land on the Bayou Plaquemine, for one thousand three hundred dollars, payable the following year. Mayer appears also to have acquired the title of Braud, who had purchased of the Chitemachaes Indians. After the death of Mayer, William Blake became the pur-chaser of it at the probate sale of his estate in 1823, and gave Aubry Dupuy as security for the price, payable by instal-ments. Blake failed in making payment, and finally made a surrender of his property to his creditors. Dupuy, the surety, entered into an arrangement by which François Neraut was substituted in his place, a part of the price was paid to the heirs of Mayer, and the obligation for two thousand five hundred dollars, the balance, was given by Neraut, upon which this suit is brought. Thereupon, Neraut became the purchaser at the sale by the syndics of Blake, and retained the price in his own hands, as subrogated to the rights of Dupuy, and to those of the heirs of Mayer. In the meantime, however, and while the property was yet Blake's, Langlois sued the heirs of Mayer ; and Neraut, as tutor of some of the minor heirs, was made defendant. He recovered

EASTERN DIST.
February, 1838.

MAYER'S HEIRS
vs.
NERAUT'S
ADM'R.

judgment for four hundred dollars, in 1827. Under an execution issued in this case, and another in favor of Debuys, the land in question, or a greater part of it, was sold, and purchased by Orillion. The Indian title having been rejected by the land commissioners, Orillion, under his purchase, claimed the right of pre-emption, founded on the settlement and cultivation of Mayer, and was permitted to purchase from the government of the United States, one hundred and sixty acres of the land. His vendee then brought suit against the present defendant, for the land, and recovered it in 1832.

The administrator of Neraut's estate sets up that eviction, as a bar to the recovery sought by the plaintiffs in this case, on the ground that his obligation was given for the price of the land, and having lost the land, he contends that the consideration has failed.

*If a purchaser suffer suit and eviction, without calling the original parties, from whom he derived his title, in warranty, to defend, he cannot avail himself of the eviction to withhold payment of the original price; especially if it appears his vendors had the means of defending his title and possession; or that the party evicting him had been enabled, by the defendant's laches, to perfect his title.*

We must premise, that Orillion had purchased the land at sheriff's sale previously to the sale by the syndics, while the title was yet in the syndics of Blake, and that Orillion acquired only the right and title of the heirs of Mayer. Neraut was, at the time he bought, aware of the previous purchase by Orillion, because he was a party to the judgment recovered by Langlois. Neither the heirs of Mayer nor the representatives of Blake, were cited by him in warranty. If either of them had been cited to defend the title of Neraut, they might have urged, and perhaps successfully, that Orillion was not entitled, under the sheriff's deed, to present himself at the land office as the assignee of Mayer, and to claim the privilege of pre-emption in virtue of his settlement and cultivation, and that having assumed that quality in making the purchase, it must accrue to the benefit of the person really entitled, on being refunded the price paid to the government. The heirs of Mayer may now say to the defendant, that if he failed to avail himself of all the rights acquired under his purchase from the syndics of Blake, it is his own fault, and imputable to his own *laches.* The sheriff's conveyance vested in Orillion only the right, title and interest of the heirs of Mayer, in 1828. Now, at that time they had

*So, if a purchaser fails to avail himself of all the rights acquired by his purchase from his vendor, or those from whom he derives his title, it is his own fault, and imputable to his own laches.*

no title, their ancestor had sold to Blake ; and in 1829, the present defendant purchased from the syndics, under an agreement by which they relinquished to him all their rights, either against the land or the estate of Blake.

There is another view of the case, equally fatal to the defence : The heirs of Mayer were not the vendors of the defendant ; they transferred to him only the right of action against the syndics of Blake, to recover a balance of the original price, and he purchased the land itself from the syndics. In the contract between the defendant and the heirs, the latter warranted only the existence of the debt.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed with costs.